Timothy **WOOLUM, Sr., Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 48A02–0402–CR–122.

Court of Appeals of Indiana.

Nov. 30, 2004.

Transfer Denied Jan. 27, 2005.

Patrick R. Ragains; Smith & Ragains; Anderson, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Joby Jerrells, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Timothy Woolum Sr. (Woolum), appeals the trial court's denial of his Motion to Suppress evidence.

We affirm.

### ISSUE

Woolum raises one issue on appeal, which we restate as follows: whether the trial court erred in denying Woolum's Motion to Suppress evidence obtained as a result of a warrantless search of his resi-

dence which he shared with his son who was on probation.

## FACTS AND PROCEDURAL HISTORY

On May 15, 2003, Chief Probation Officer Scott Norrick (Officer Norrick) and Probation Officer Steven Graves (Officer Graves) conducted a probation sweep of Timothy Woolum Jr.'s (Timothy) residence located at Frankton, in Madison County, Indiana. Timothy shared the residence with his father, Woolum. Upon arrival at the residence, Officer Norrick informed Timothy that they were making a random house visit and asked his permission to enter the trailer. Timothy agreed to let the Officers walk through the common areas of the trailer and his bedroom.

When entering the kitchen, Officer Norrick noticed what he believed to be a marijuana stem in the ashtray on the kitchen table. At that time, Timothy advised Officer Norrick that he was home alone and would prefer his father to be present. Officer Norrick allowed Timothy to contact his father. After Woolum arrived at the trailer, Officer Norrick explained to him that based on his discovery of the marijuana stem, he had reasonable suspicion to conclude that Timothy was involved in possible illegal behavior. Officer Norrick added that he wanted to request a drug dog to walk through the common areas and Timothy's bedroom. Woolum responded by stating, "I'll just get it right now." (Transcript p. 16). By that time, Assistant Chief David Huffman (Officer Huffman) of the Frankton Police Department had arrived to assist Officer Norrick. After hearing Woolum's statement, Officer Huffman followed Woolum into his master bedroom where Woolum retrieved a bag of marijuana which he handed to Officer Huffman.

Since Woolum retrieved the bag from his bedroom, Officer Norrick privately advised Officer Huffman that this was no longer a probation matter and that Officer Huffman would have to decide how to proceed with Woolum. After contacting the canine officer and learning that he was on his way to the Woolum residence, Officer Huffman and Woolum exited the trailer. Outside, Officer Huffman informed Woolum that the canine officer would arrive shortly. He indicated that the drug dog would be doing a search of the house and encouraged Woolum that "[i]f there was anything else in there, . . . to play ball with them." (Tr. pp. 25–6). Woolum responded by retrieving three more bags of marijuana from two other locations inside the trailer.

On June 4, 2003, the State filed an information, charging Woolum with Count I, dealing in marijuana, a Class A felony, Ind.Code § 35–48–4–10(a)(1); Counts II–III, possession of a controlled substance, a Class D felony, I.C. § 35–48–4–7(a); Count IV, unlawful possession or use of a legend drug, a Class D felony, I.C. §§ 16–42–19–13; 16–42–19–27; and Count V, maintaining a common nuisance, a Class D felony, I.C. § 35–48–4–13(b)(1). On September 22, 2003, Woolum filed his Motion to Suppress. Thereafter, on September 24, 2003, the State filed its objection to Woolum's motion. On October 21, 2003, the trial court heard evidence on Woolum's motion and took the matter under advisement. On January 4, 2004, the trial court denied the motion to suppress. On January 20, 2004, the trial court certified the issue for interlocutory appeal.

Woolum now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

Woolum argues that the trial court erred by denying his Motion to Suppress. Specifically, Woolum asserts that the warrantless search of the shared residence

violated Woolum's rights under the Fourth Amendment to the United States Constitution and Article 1, Section 11 of the Indiana Constitution. He maintains that he never consented to the search but instead was coerced into retrieving the marijuana because of Officer Huffman's statement that a canine officer was en route.

At the outset, we note that a review of the denial of a motion to suppress is similar to other sufficiency matters. *Bentley v. State,* 779 N.E.2d 70, 73 (Ind.Ct. App.2002); *Overstreet v. State,* 724 N.E.2d 661, 663 (Ind.Ct.App.2000), *trans denied.* We do not reweigh the evidence, and we consider conflicting evidence most favorable to the trial court's ruling. *Overstreet,* 724 N.E.2d at 663. However, unlike a typical sufficiency of the evidence, we must also consider the uncontested evidence favorable to the defendant. *Id.*

The Fourth Amendment to the United States Constitution provides, in pertinent part: "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated ..." U.S. CONST. Amend. IV. The Fourth Amendment's protection against unreasonable searches and seizures has been extended to the states through the Fourteenth Amendment. *See Berry v. State,* 704 N.E.2d 462, 464–65 (Ind.1998). As a general rule, warrantless searches and seizures inside the home are presumptively unreasonable. *Primus v. State,* 813 N.E.2d 370, 374 (Ind.Ct.App.2004). Consequently, when a search is conducted without a warrant, the State has the burden of proving that the search falls into one of the exceptions to the warrant requirement. *Berry,* 704 N.E.2d at 465. One of the well-recognized exceptions is a voluntary and knowing consent to search. *Primus,* 813 N.E.2d at 374. The theory underlying the consent exception is that,

when an individual gives the State permission to search either his person or property, the governmental intrusion is presumably reasonable. *Id.*

A defendant's consent to search is valid except where procured by fraud, duress, fear, or intimidation or where it is merely a submission to the supremacy of the law. *Buckley v. State,* 797 N.E.2d 845, 849 (Ind.Ct.App.2003). Because it falls within an established exception to the Fourth Amendment warrant requirement, the scope of the authority to search is strictly limited to the consent given, and a consensual search is reasonable only if it is kept within the bounds of that consent. *Id.* The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of objective reasonableness. *Id.* In addition to objective reasonableness, the scope of a consensual search is generally measured by the expressed object to be searched and the subject's imposed limitation. *Id.* Therefore, the scope of a consent search is factually sensitive and does not depend solely on the express object to be searched. *Id.*

Woolum now contends that he did not freely give his consent to search the trailer. We disagree. The record reflects that at the outset of the instant case, Woolum was not the target of the search. Officer Norrick testified that, after he discovered the marijuana stem in the ashtray in the kitchen, he wanted to ensure that Timothy was not involved in any behavior violative of the terms of his probation by searching the common areas and Timothy's bedroom with a drug dog. Officer Norrick added that he assured Woolum that the canine would only sniff the common area and his son's bedroom. However, Woolum immediately responded, "I'll get it right now." (Tr. p. 13). Officer Huffman testified that Woolum then retrieved a bag of marijuana from his bedroom.

■ Thus, even though Woolum was informed that a search would only be conducted of the common areas and Timothy's bedroom, Woolum, nevertheless, prior to the arrival of the canine unit, freely retrieved a bag of marijuana from his bedroom, which was excluded from the scope of the search. Therefore, based on Woolum's own voluntary statement we agree with the trial court that this evidence is admissible against Woolum at trial.

■ Next, Woolum contends that, after he volunteered the first bag of marijuana, Officer Huffman coerced him into consenting to a full search of his residence. Our review of the record establishes that after Woolum voluntarily handed Huffman the first bag of marijuana, Officer Norrick informed Officer Huffman that he considered the evidence to be outside his mandate as a probation officer. Officer Huffman testified that, after receiving confirmation that a canine unit was on its way to the residence, he informed Woolum that "[t]hey were going to search the house with the dog." (Tr. p. 25). He further encouraged Woolum that "[i]f there was anything else in there, ... he needed to play ball with them." (Tr. p. 26). Testimony shows that Woolum responded "[o]kay, follow me inside and I'll get you the rest." (Tr. p. 26).

We have held before that express consent is not a requirement for a valid consent search. *Melton v. State*, 705 N.E.2d 564, 567 (Ind.Ct.App.1999). Rather, the circumstances surrounding the search may demonstrate that the party involved implicitly gave consent, by word or deed. *Id.* Here, Woolum was explicitly informed that, based on the retrieval of the first bag of marijuana, Officer Huffman wanted to conduct a search of the entire trailer, not merely the common areas and Timothy's bedroom. However, instead of waiting for the canine unit to arrive and prior to signing a consent form, Woolum volunteered the additional three bags of marijuana and even assisted in the search by leading Officer Huffman directly to their hiding place and retrieving them himself.

■ Furthermore, the record is devoid of any evidence establishing that Woolum's capacity of voluntarily expressing his will was critically impaired, or that Officer Huffman's actions and statements were impermissibly coercive, thereby overbearing Woolum's will. *See Buckley,* 797 N.E.2d at 849. To the contrary, the record supports that Officer Huffman's manner was polite and unoffensive, informing Woolum of every step in the police procedure. Unlike Woolum, we fail to discern any use of threat, force, promises, or other improper influence. As a result, we conclude that Woolum voluntarily and knowingly consented to the search of the trailer. *Id.* Accordingly, we find that Woolum's rights pursuant to the Fourth Amendment of the United States Constitution were not violated. *See Berry,* 704 N.E.2d at 464–65. Therefore, we refuse to disturb the trial court's denial of Woolum's motion to suppress.[1]

### CONCLUSION

Based on the foregoing, we find that the trial court properly denied Woolum's motion to suppress.

Affirmed.

CRONE, J., and VAIDIK, J., concur.

---

1. Although Woolum also claims a violation of his rights under Article I, section 11 of the Indiana Constitution, he does not develop a separate, coherent argument. Consequently, we find his argument waived pursuant to Ind. Appellate Rule 46(A)(8).